UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                               Case No. 19-53795

RIVORE METALS, LLC,                                  Chapter 11

        Debtor.                                    Judge Thomas J. Tucker
_____/

**ORDER REQUIRING DEBTOR TO AMEND DISCLOSURE STATEMENT**

On January 27, 2020, the Debtor filed a plan and disclosure statement, in a document entitled "Combined Plan of Liquidation and Disclosure Statement of Rivore Metals, LLC" (Docket # 124). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document ("Disclosure Statement"). The Court notes the following problems, which the Debtor must correct.

First, with regard to the secured claim of PNC Bank, N.A. (the "Bank") treated in Class I on page 15 of the Plan, the Debtor must state in paragraph 3.1 the amount of the claim without regard to the value of the collateral; the property securing the claim (defined generally in the Plan definitions as the "Class I Assets"); the fair market value of the property securing the claim; whether any portion of the claim is unsecured; and if so, whether the secured creditor will have an unsecured deficiency claim, to be included and treated in the class of general unsecured claims; and if so, the amount of such unsecured claim. If any other creditor also has a lien on any of the Bank's collateral, then in Paragraph 3.1 the Debtor must identify the other creditor(s) and the property covered by their lien(s), and state the priority of each secured creditor (*e.g.*, which creditor has a first priority lien and which creditor has a second priority lien). In Paragraph 3.1.1 of the Plan on page 15, the Debtor states, in relevant part that "the Liquidating Trustee shall

administer the Collateral for the benefit of the Bank and make distributions to the Bank for application of the Bank Secured Claim." "Collateral" is not a defined term under the Plan. The Debtor must define this word or use other wording.

Second, in paragraph 3.2 of the Plan on page 15, the Debtor must describe the "alleged" claim of Citibank, N.A.; *e.g.*, the Debtor must state the alleged basis and amount of the claim; and whether it is allegedly secured or unsecured.

Third, paragraph 3.8 of the Plan on page 17 is internally inconsistent. It states that the claims in Class VIII shall "be paid in full on the Effective Date." But it also states that "[p]ayments shall be in equal monthly installments." The Debtor must correct this problem.

Fourth, in paragraph 3.9 of the Plan on page 17, the Debtor must state that the total amount of unsecured claims is $8,582,704.43 without considering the amount of the deficiency claims. (*See* ¶ 4 on pdf page 43 of the Disclosure Statement.)

Fifth, the Debtor must change paragraphs 6.2 and 6.3 of the Plan on page 22, to reflect that Class II is deemed not to accept the Plan, under 11 U.S.C. § 1126(g).

Sixth, the Debtor must delete paragraph 9.1 of the Plan on page 23, and also must delete any reference to the Debtor obtaining a discharge in this case from paragraph V.C.1 of the Disclosure Statement on pdf page 41. In this case, with the proposed liquidating plan, there will be no discharge of the Debtor. *See* 11 U.S.C. §§ 1141(d)(3) and 727(a)(1).

Seventh, the Debtor must modify or delete paragraph 9.2.1 of the Plan on page 24, to make clear that the described resolution of "the Bank's claims against Marselis" is not part of the Debtor's Plan in this bankruptcy case. The terms of this described resolution of the Bank's claims against this non-bankruptcy debtor party (Marselis), involving disposition of property of

2

persons other than the bankruptcy Debtor, may be agreed to by a separate agreement among the non-debtor parties, outside the Debtor's Plan in this case, and may be disclosed as part of the Disclosure Statement, but such terms and agreement cannot be part of the Debtor's Plan that this Court can confirm in this bankruptcy case.

Eighth, in paragraph II.B of the Disclosure Statement on pdf page 34, the Debtor states that "Marselis is the sole member and managing member of the Debtor." But paragraph 3.1 of the Plan on page 18 states, in relevant part, "Rivore Holdings, LLC is the sole Interest Holder of the Debtor." The Debtor must correct this inconsistency.

Ninth, in paragraph III.A of the Disclosure Statement on pdf page 35, the Debtor must state explicitly whether there actually were any post-petition transfers outside the ordinary course of business, and if so, what they were and when they occurred.

Tenth, in paragraph IV.D of the Disclosure Statement on pdf page 40, the Debtor must state the full name of "Nestoros" and "Proastio" and state what relationship they have to the Debtor.

Eleventh, paragraph V.D.1 of the Disclosure Statement on pdf page 41 appears to be inconsistent with paragraph 2.1.1 of the Plan on page 12, with regard to the amount of some of the Administrative Claims, as well as the total of all Administrative Claims. *See* comparison chart below:

| Amount of Claim per the Plan: | Amount of Claim per Disclosure Statement: |
|---|---|
| Stevenson & Bullock, P.L.C. - $85,000 | Stevenson & Bullock, P.L.C. - $160,000 |
| Calderone Advisory Group, LLC - $95,000 | Calderone Advisory Group, LLC - $287,000 |
| Committee's counsel - $60,000 | Committee's Counsel - $60,000 |

| Total Claims listed $240,000 | Total Claims - $507,000 |

The Debtor must correct or explain these apparent inconsistencies. In addition, paragraph V.D.1 of the Disclosure Statement on pdf pages 41-42 states that "General Motors and Fisher Dynamics have also filed motions seeking allowance of claims pursuant to § 503(b)(9)." The Debtor must state the amounts that General Motors and Fisher Dynamics are seeking, and must include this information in the section of the Plan discussing the treatment of Group I (pages 12-14).

Twelfth, paragraph V.D.2 of the Disclosure Statement on pdf page 42 does not include the $1,000 allowed claim of the City of Pontiac, which is included in paragraph 2.2 of the Plan on page 14. The Debtor must correct this. Paragraph V.D.2 of the Disclosure Statement on pdf page 42 states, in relevant part, that "the Benefit Advantage may possess a claim that is entitled to priority under § 507(a)(4), which will be paid pursuant to Article III, Paragraph 3.8." The Debtor must include this information in Paragraph 3.8 of the Plan on page 17.

Thirteenth, in paragraph V.D.5 of the Disclosure Statement on pdf page 43, the Debtor must change "Paragraph 3.9" to "Paragraph 3.10."

Fourteenth, the Debtor must change the following phrase in Paragraph 15.6 of the Plan on page 32, from "any law imposing a stamp, as provided in § 1146(c) of the Code" to "any law imposing a stamp tax or similar tax, as provided in § 1146(c) of the Code."

Fifteenth, the Debtor must update paragraph III.C of the Disclosure Statement on pdf page 37, to reflect the fact that the Debtor now has filed an adversary proceeding.

Sixteenth, the Debtor must revise paragraph VI.E of the Disclosure Statement on pdf pages 45-46, so that it states in its entirety:

If the plan is confirmed by the Court:

4

1. Its terms are binding on the debtor, all creditors, shareholders and other parties in interest, regardless of whether they have accepted the plan.

2. Except as provided in the plan and in 11 U.S.C. § 1141(d):

    (a) In the case of a corporation that is liquidating and not continuing its business, as in this case:

    (1) Claims and interests will not be discharged.

    (2) Creditors and shareholders will not be prohibited from asserting their claims against or interests in the debtor or its assets.

Seventeenth, the Debtor must attach as an exhibit to the Plan and Disclosure Statement (1) the proposed engagement agreement between the Bank and the Liquidating Trustee, referred to in paragraph 5.3.1 of the Plan on page 20; and (2) any proposed trust agreement or other agreement(s) that the Debtor intends to enter with the Liquidating Trustee. If there are no agreements with the Liquidating Trustee contemplated, other than the engagement agreement referred to in paragraph 5.3.1 of the Plan, the Debtor must say so in the Plan.

Eighteenth, the Debtor must label the Liquidation Analysis, which appears to be attached as the first page of exhibits to the Plan and Disclosure Statement, as Exhibit A, which is consistent with the statement in paragraph IV.A of the Disclosure Statement on pdf page 38. And the Debtor must title this exhibit "Liquidation Analysis."

Accordingly,

IT IS ORDERED that no later than **February 12, 2020**, the Debtor must file an amended

combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **February 12, 2020**, the Debtor also must file a redlined version of the amended combined plan and disclosure statement, showing the changes the Debtor has made to the "Combined Plan of Liquidation and Disclosure Statement of Rivore Metals, LLC" filed January 27, 2020.

**Signed on February 5, 2020**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**