UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 19-53795

RIVORE METALS, LLC,                             Chapter 11

            Debtor.                             Judge Thomas J. Tucker

_____/

## ORDER REQUIRING THE DEBTOR TO AMEND DISCLOSURE STATEMENT

On February 26, 2020, the Debtor filed a plan and disclosure statement, in a document entitled "First Amended Combined Plan of Liquidation and Disclosure Statement of Rivore Metals, LLC" (Docket # 206). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document (the "Disclosure Statement"). The Court notes the following problems, which the Debtor must correct.

First, in paragraph 2.1.6 of the Plan on page 14, the Debtor estimates the administrative claims as follows: (i) Stevenson & Bullock, P.L.C. - $160,000.00; (ii) Calderone Advisory Group- $287,000.00; and (iii) Brooks Wilkins Sharkey & Turco PLLC - $65,000.00." The Plan then states: "These amounts shall be reduced by the Professional Retainers." The Debtor must state the amount of the retainers. The Debtor must also explain why the amounts of the administrative claims for the above listed entities are, in some cases, different from the amounts listed in the paragraph V.D.1 of the Disclosure Statement on page 43 for these same entities. Alternatively, the Debtor must correct the apparent inconsistencies between the information provided in paragraph 2.1.6 of the Plan on page 14 and paragraph V.D.1 of the Disclosure Statement on page 43 regarding these entities.

Second, in paragraph 2.2.2 of the Plan on page 14, the Debtor states: "Creditors with

claims that are entitled to Priority under § 507**(a)(5)** and (8) will be paid in full on the Effective

Date." (Bold added.) The Debtor must remove the reference to § 507(a)(5). Section 507(a)(5)

claims are classified and treated under Class VIII. 11 U.S.C. § 1123(a)(1) requires classification

of all priority claims except those of a kind specified in 11 U.S.C. §§ 507(a)(2), (a)(3), or (a)(8).

Third, in the last sentence in paragraph V.D.2 of the Disclosure Statement on page 44, the

Debtor must change "§ 507(a)(4)" to "§ 507(a)(5)."

Fourth, there appears to be a mathematical error in paragraph 2.1.1 of the Plan on page

12. This paragraph defines the "Professional Fee Cap" as being a "combined total of $240,000

. . . which is comprised of $65,000 for Committee's counsel . . . $85,000 for Debtor's counsel . . .

and $95,000 for the Debtor's financial advisor[.]" But the total of these three fee amounts is

$245,000, not $240,000. Debtor must correct this apparent inconsistency.

Fifth, paragraph 6.3 of the Plan on page 23 states:

> 6.3 **Voting Classes:** Classes I-VII, IX-X under Article III of the
> Plan are Impaired under the Plan, and Holders of Claims or
> Interests in such Classes shall be entitled to vote to accept or reject
> the Plan. However, Class II is deemed not to accept the Plan under
> 11 U.S.C. [§] 1126(g).

This paragraph says that Class II is among the classes entitled to vote to accept or reject the Plan.

But that is not correct; Class II is not a voting class, because it is deemed to reject the Plan. The

Debtor must correct this.

Sixth, the Debtor must correct the typographical error in paragraph 13.1 of the Plan on

page 28 by changing "Case of Action" to "Cause of Action."

Accordingly,

IT IS ORDERED that no later than **March 4, 2020**, the Debtor must file an amended

combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **March 4, 2020**, the Debtor also must file a redlined version of the amended combined plan and disclosure statement, showing the changes the Debtor has made to "First Amended Combined Plan of Liquidation and Disclosure Statement of Rivore Metals, LLC" filed February 26, 2020.

**Signed on March 2, 2020**



/s/ Thomas J. Tucker
_____

**Thomas J. Tucker**
**United States Bankruptcy Judge**